THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRIAN C. J. (ANONYMOUS), Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, imposed September 22, 1971, upon a youthful offender adjudication, on a guilty plea, and after revocation of probation previously granted, the revocation being based upon a plea of guilty of violation of the probation. The sentence committed defendant to an indeterminate reformatory term of four years. Sentence reversed, on the law, and case remanded to the Criminal Term for resentencing. The record clearly indicates that the sentencing court was aware of defendant's drug usage at the time it sentenced him to probation and when defendant was later sentenced after violation of probation. However, the court failed to order an examination as required by section 207 of the Mental Hygiene Law, both at the time of the original sentencing, to probation, and when defendant was sentenced after the probation violation. The procedure outlined in section 207 is mandatory and a remand for medical examination and resentence is required (*People* v. *Sczerbaty,* 37 A D 2d 428; *People* v. *Batson,* 39 A D 2d 586; *People* v. *Pendergrass,* 40 A D 2d). It should be noted that if the court had complied with section 207 of the Mental Hygiene Law, and if defendant had been found to be an addict, the sentence of probation would have been legally impermissible (Mental Hygiene Law, § 208, subds. 4, 5; § 209), since at the time the Narcotic Addiction Control Commission was accepting referrals (see *People* v. *Bennet,* 39 A D 2d 320). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.